UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ALIREZA BAKHTIARI,** | : | CIVIL NO. 3:18-CV-38 |
| **Plaintiff,** | : | (Judge Caputo) |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| **UNITED STATES OF AMERICA,** | : | |
| **Defendant.** | : | |

## MEMORANDUM ORDER

In this action, the *pro se* plaintiff has filed a motion which sought to compel the production of certain discovery. (Doc. 25.) The county defendants have now responded to this motion, advising the Court that Bakhtiari never served the County defendants with discovery but included a document request as part of his motion to compel. Since then, the County defendants provided him with a bates-stamped copy of his file in searchable PDF format by letter dated July 17, 2018. The discovery produced is the plaintiff's entire jail file. Defense counsel redacted the names and identifying information of other ICE inmates but redaction was not extensive. Additionally, the plaintiff asked for videos taken of him, which the defense has not been able to locate. An officer, who has since died, took videos to document the staff's interaction with plaintiff, in anticipation of defending his inevitable lawsuit. He did so on a handheld camera but did not upload the videos to

the County's computers prior to his death and the Warden has not been able to locate them. However, the Warden is continuing his search and they will be provided if located.

In light of this reply, the defendant suggests that this issue is now moot. (Doc. 30.) We agree. The mootness doctrine recognizes a fundamental truth in litigation: "[i]f developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot." Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996). Since these defendants have replied to these discovery demands, any request for an order directing a response to many of these discovery requests is now moot.

The only remaining discovery claim which does not appear to be moot at this time is Bahktiari's request for discovery of the correctional defendants' personnel files. On this score, we conclude that Bahktiari's current request should be DENIED because he has not made a sufficient showing to justify wholesale disclosure of these personnel files. The controlling legal benchmarks that guide discovery of personnel files can be simply stated. To the extent that the plaintiff claims that he is entitled to wholesale discovery of prison staff personnel files because these individuals forfeited their privacy rights when they were sued by the plaintiff, we disagree. Defendants and witnesses do not forfeit their personal

privacy in personnel records when they are sued. Quite the contrary, courts have long recognized that:

> Although personnel files are discoverable, they contain confidential information and discovery of them should be limited. See, e.g., Reagan-Touhy v. Walgreen Co., 526 F.3d 641, 648 (10th Cir.2008) ("Personnel files often contain sensitive personal information...and it is not unreasonable to be cautious about ordering their entire contents disclosed willy-nilly....This is not to say personnel files are categorically out-of-bounds."); Miles v. Boeing Co., 154 F.R.D. 112, 115 (E.D.Pa.1994) ("[P]ersonnel files are confidential and discovery should be limited."). The court must weigh the right to relevant discovery against the privacy interest of non-parties. The court finds that plaintiff is not entitled to the entire personnel records of all the individuals without a more particularized showing of relevance.

Harris v. Harley-Davidson Motor Co. Operations, Inc, No. 09-1449, 2010 WL 4683776, *5 (M.D.Pa Nov. 10, 2010). Miles v. Boeing Co., 154 F.R.D. 112, 115 (E.D. Pa. 1994)("personnel files are confidential and discovery should be limited.").

In this case, without some further explanation by the plaintiff regarding what he has received, what he still seeks, the relevance of this information to his case, and the degree to which information is privileged, we are unable to make any informed judgments concerning these motions to compel. Therefore, we find as a threshold matter that this motion to compel does not carry the plaintiff's initial burden of proving the relevance of the requested information. Morrison v. Philadelphia Housing Auth., 203 F.R.D. 195, 196 (E.D.Pa. 2001). Further, to the extent Bahktiari seeks wholesale access to prison staff personnel files, these

discovery requests are improper, overly broad, and seek information that simply not subject to wholesale disclosure. Harris v. Harley-Davidson Motor Co. Operations, Inc, No. 09-1449, 2010 WL 4683776, *5 (M.D.Pa Nov. 10, 2010). Miles v. Boeing Co., 154 F.R.D. 112, 115 (E.D. Pa. 1994)("personnel files are confidential and discovery should be limited."). See Johnson v. Holt, No. 1:15-CV-336, 2016 WL 74818, at *2–3 (M.D. Pa. Jan. 7, 2016)

Accordingly, for the foregoing reasons, and this motion to compel, (Doc. 25), is DENIED.

So ordered this 31st day of July, 2018.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge