# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ALIREZA BAKHTIARI,** | : | Civil No. 3:18-CV-38 |
| **Plaintiff** | : | (Judge Caputo) |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| **MADRIGAL, et al.,** | : | |
| **Defendants.** | : | |

## MEMORANDUM OPINION AND ORDER

### I.  Statement of Facts and of the Case.

This is a *pro se* civil rights lawsuit brought by a former immigration detainee against local and federal officials who held him in immigration detention for a period of time, and allegedly violated his rights while he was a prisoner in the defendants' custody. There are currently two dispositive motions pending in this case. (Docs. 31 and 43.)

One of these motions is a motion for summary judgment filed by the local official defendants. In conjunction with this motion, the defendants filed a statement of facts, (Doc. 32), which noted, in part, as follows:

> On [a] June 9, 2017 [prison] form, Officer Allison Murphy noted on the form that Bakhtiari:
>
> a. Had a prior assault charge;

b. Had a prior sexual assault charge; and

c. Made a prior attempt to assault a staff member using a weapon.

Exhibit A, p. 21.

(Doc. 32, ¶8.) The local official defendants have also attached this form to their statement of facts, and the statement of facts accurately recites what is depicted on the form.

Bakhtiari has now moved to strike this statement of facts and sanction defense counsel for filing the statement of facts. (Docs. 59 and 60.) As we read Bakhtiari's motions, the plaintiff does not contest that the defense statement of facts accurately describes the content of this form. Instead, Bakhtiari asserts that the information that was on the form, and was accurately described by counsel, is itself incorrect because he has never been convicted of any of these offenses. On the basis of these assertions, Bakhtiari invites us to strike the pleading and punish counsel.

For the reasons set forth below, we will deny these motions, but will treat the motions as a partial reply to the motion, and will consider his arguments when we address the pending summary judgment motion. We will also instruct the parties to supplement this statement of facts by advising us regarding whether the form accurately described Bakhtiari's criminal history.

.

## II. Discussion

### A. Rule 12(f), the Legal Standard

Rule 12(f) of the Federal Rules of Civil Procedure governs motions to strike pleadings and provides, in part, that:

> **(f) Motion to Strike.** The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

F. R.Civ. P., Rule 12(f).

While rulings on motions to strike rest in the sound discretion of the court, Von Bulow v. Von Bulow, 657 F.Supp. 1134, 1146 (S.D.N.Y. 1987), that discretion is guided by certain basic principles. Because striking a pleading is viewed as a drastic remedy, such motions are "generally disfavored." Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1057 (C.A.La., 1982). As one court has aptly observed: "striking a party's pleadings is an extreme measure, and, as a result, . . . '[m]otions to strike under Fed .R.Civ.P. 12(f) are viewed with disfavor and are infrequently granted.' Lunsford v. United States, 570 F.2d 221, 229 (8th Cir.1977) (citing 5 Wright & Miller, Federal Practice and Procedure. Civil § 1380 at 783 (1969)). See also, Resolution Trust Corp. v. Gibson, 829 F.Supp. 1103, 1106 (W.D.Mo.1993); 2 James Wm. Moore et al., Moore's Federal Practice § 12.37[1] (3d ed. 2000)." Stanbury Law Firm v. I.R.S., 221 F.3d 1059, 1063 (8th Cir. 2000). In practice, courts should exercise this discretion and

strike pleadings only when those pleadings are both "redundant, immaterial, impertinent, or scandalous" and prejudicial to the opposing party. Ruby v. Davis Foods, Inc., 269 F.3d 818, 820 (7th Cir. 2001).

Moreover, consistent with this sparing approach urged by the courts with respect to motions to strike, those "pleadings" that may be subject to a motion to strike are construed narrowly. Recognizing that briefs are, by their nature, argumentative and sometimes contentious filings, it is generally held that a brief–as opposed to other forms of pleadings– typically will not be considered a "pleading" which is properly the subject of a motion to strike. Hrubec v. National R.R. Passenger Corp., 829 F.Supp. 1502, 1506 (N.D.Ill.,1993), citing Anna Ready Mix, Inc. v. N.E. Pierson Const. Co., 747 F.Supp. 1299, 1303 (S.D.Ill.1990), and Board of Education v. Admiral Heating and Ventilation, Inc., 94 F.R.D. 300, 304 (N.D.Ill.1982).

In this case, upon consideration of these motions to strike and for sanction, and recognizing that "[m]otions to strike under Fed .R.Civ.P. 12(f) are viewed with disfavor and are infrequently granted," Lunsford v. United States, 570 F.2d 221, 229 (8th Cir.1977), we find that it has not been shown that the assertions in this statement of facts are both "redundant, immaterial, impertinent, or scandalous" and unfairly prejudicial. Ruby v. Davis Foods, Inc., 269 F.3d 818, 820 (7th Cir. 2001).

Therefore, in the exercise of our discretion, <u>Von Bulow v. Von Bulow</u>, 657 F.Supp. 1134, 1146 (S.D.N.Y. 1987), we will deny this motion to strike.

In reaching this conclusion we also note that the statement of facts accurately conveys the content of this form. Therefore, there is no basis for sanctions. Or to strike the pleading However, we understand that the question of whether the information set forth on the form accurately described Bakhtiari's criminal history may be relevant to the issues framed by the parties. Accordingly, we will treat these motions as a partial reply to the pending summary judgment motion, and will consider the plaintiff's arguments concerning the accuracy of this information in ruling upon that motion. Further, IT IS ORDERED that the parties shall submit supplemental factual statements to the court on or before **October 1, 2018**, which accurately detail the plaintiff's criminal history, since the current pleadings put that criminal history at issue, and in dispute.

### III. **Conclusion**

Accordingly, for the foregoing reasons, the plaintiff's motion to strike and for sanctions, (Docs. 59 and 60) are DENIED and the motions are instead deemed as a partial reply to the pending summary judgment motion. Further, IT IS ORDERED that the parties shall submit supplemental factual statements to the court on or before **October 1, 2018**, which accurately detail the plaintiff's criminal history, since the

5

current pleadings put that history at issue, and in dispute.

So ordered this 19th day of September 2018.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge