**NEWMAN | WILLIAMS**
A PROFESSIONAL CORPORATION

| | |
|---|---|
| Gerard J. Geiger, Esq. | Attorney for Defendants: John Frawley, |
| IDENTIFICATION NO. PA44099 | Linda Forshay, Josiah Martin, and |
| 712 MONROE STREET | Elissa Wenzel |
| P.O. BOX 511 | |
| STROUDSBURG, PA 18360-0511 | |
| (570) 421-9090 (voice) | |
| (570) 424-9739 (fax) | |
| ggeiger@newmanwilliams.com | |

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALIREZA BAKHTIARI,<br>        Plaintiff<br><br>v.<br><br>JASON MADRIGAL, etal.<br>        Defendants | No. 3:18-cv-00038-ARC-MCC<br><br>Jury Trial Demanded |

**Defendants' Supplemental Factual Statement Regarding Plaintiff's Criminal History**

   The defendants, through their attorney, Gerard J. Geiger, Esq. provide this statement as required by the Court's order of September 19, 2018 (Doc. 62):

   1.   The County defendants, John Frawley, Linda Forshay, Josiah Martin, and Elissa Wenzel, moved for summary judgment (Doc. 31 ) on

1

July 30, 2018 and filed a Statement of facts (Doc. 32) and a supporting brief (Doc. 33).

2.Mr. Bakhtiari accused Attorney Geiger of misrepresenting Bakhtiari's criminal history in an effort to embarrass him (Doc. 59). He claims Mr. Geiger made misrepresentations at paragraph 8 of the Defendants' Statement of Facts.

3.The "offending" paragraph says:

"8. On the June 9, 2017 form, Officer Allison Murphy noted on the form that Bakhtiari:

a.Had a prior assault charge;
b.Had a prior sexual assault charge; and
c.Made a prior attempt to assault a staff member using a weapon. Exhibit A, p. 21.

4.The paragraph cites to page 81 of Exhibit A to the Statement of Facts. In paragraphs C and D, Officer Murphy noted that Bakhtiari was known to have committed prior assaults:

> Check all that apply and state facts to support:
> ● A. The circumstances of the arrest; (verbal or physical threats, aggressive behavior while in custody of the Arresting Agency or known history of violence)
> State facts to support:_____
>
> ___ B. The nature of the criminal charges pending against the Commitment; (drug charges; crimes involving violence; weapons or predatory behavior; fleeing or known history of escape)
> State facts to support:_____
>
> ✓ C. The criminal history of the Commitment; (reasonable suspicion will ordinarily exist for an individual with a felony or misdemeanor conviction involving violence, weapons, illegal contraband, illegal substance or predatory behavior.
> State facts to support: Prior assault charge. Prior sexual assault charge.
>
> ✓ D. Institutional history of the Commitment (including history of use of violence or illegal contraband, including illegal substances)
> State facts to support: Prior attempt to assault a staff member using a weapon.

Doc. 32-1, at p. 21.

5.     The information in paragraph 8 of the Statement of Facts was from the report of Officer Murphy when she completed a form entitled "Criteria for Unclothed Search Form for New Commitments. Id.

6.     Officer Murphy signed the form as did her shift commander/supervisor, Lt. Fagan. Id.

7.     The shift supervisor noted that in completing the form, a "JNET CLEAN/NCIC QUERY" was performed. Id.

8.     ICE also provides reports to inmates delivered to the Pike County Correctional Facility.

9.     The Commonwealth Law Enforcement Assistance Network (CLEAN) is used by the Commonwealth's criminal justice agencies to access driver license and motor vehicle information, state criminal history record information maintained in the Pennsylvania State Police Central Repository, the Commonwealth's central registry for Protection from Abuse orders, "hot" (stolen and wanted) files, law enforcement messaging capabilities, and a host of other services. CLEAN is Pennsylvania's conduit

to NCIC, the FBI's National Crime Information Center, and to Nlets, the International Justice and Public Safety Information Sharing Network.[1]

10. Attorney Geiger accurately noted in the Statement of Facts what Officer Murphy wrote as the justification for requesting an unclothed search.

11. Attorney Geiger made no misrepresentations to the Court. He referenced what the documents said.

12. The references to assault state only that Bakhtiari was previously charged with assault and tried to assault a staff member. It does not say he was convicted in a criminal court of such charges.

13. Officer Murphy noted Bakhtiari's history on a checklist form explaining when unclothed searches are permissible:

> "If the Commitment IS NOT convicted or sentenced, proceed with the following criteria to determine if an unclothed search is applicable. Identify specific factors which establish reasonable suspicion that the Commitment possesses a weapon, evidence of a crime, controlled substances or other contraband."

Doc. 32-1, p. 21.

14. When the jail's staff processed Bakhtiari's intake, the Classification Coordinator, Elissa Wenzel, noted under "History of

---

[1] https://www.psp.pa.gov/law-enforcement-services/Pages/Commonwealth-Law-Enforcement-Assistance-Network.aspx

Aggressive Behavior," that JNET reported that Bakhtiari had "violent tendencies." It was in this paragraph that the assaultive behavior was referenced:

| History of Aggressive Behavior | Y | violent tendencies per jnet<br>7/13/02 dom asslt<br>8/1/08 asslt 3 and dev sex asslt- no disp prov<br>3/21/12 extort-threat inj person |
|---|---|---|

Doc. [32-1,](#) p. 25.

15. The purpose of citing to these bad acts was to explain what the jail's staff considered in authorizing an unclothed search. It was not to embarrass the plaintiff or to establish a final conviction of any assault charge.

16. There are many other references in Bakhtiari's file to prior bad acts. For example,

(a) Bakhtiari threatened a staff member and refused to obey orders. Doc. 32-1, p.28, 29

(b) Bakhtriari was found guilty of threatening a staff member. Doc. 32-1, p. 30.

(c) Bakhtiari was found guilty of being insolent to staff. Doc. 32-1, p. 45.

17. There are other references to Mr. Bakhtiari's bad behavior in Doc. 32-1.

18. Bakhtiari's federal criminal case filed in the U.S. District Court for the Eastern District of Missouri also notes federal charges against Bakhtiari in which he threatened a lawyer and his family.

19. During Mr. Bakhtiari's sentencing colloquy in federal court in Missouri, he admitted to sending anonymous emails to an attorney referring to the lawyer's daughter and son with rifle crosshair graphics superimposed on their faces.

20. Bakhtiari did this to retaliate against the lawyer opposing his claim with the intent to intimidate him. He falsely accused federal agents of torturing him and his wife by handcuffing them to furniture while they were fully nude and abusing them. See transcript of plea hearing dated August 7, 2012, attached as exhibit A.

21. The reference to Bakhtiari's prior bad acts was not focused on discrediting him, which he has had no problem accomplishing on his own, but to explain why the jail's staff decided that an unclothed search was constitutionally appropriate and to explain the rationale for placement decisions.

22. Defense counsel did not make any misrepresentation to the court and would never do so. If there is ever a factual question on this issue,

defense counsel would welcome a hearing to explain his rationale for the arguments made in his brief.

WHEREFORE, the County defendants request the court deny the plaintiff's motion to "disqualify" or sanction defense counsel for lack of candor.

                                              **NEWMAN | WILLIAMS**
                                              By: s/ Gerard J. Geiger, Esquire
                                              Attorney ID No. 44099

Date:  October 1, 2018

**Certificate of Service**

I hereby certify that, on this date, I served a copy of this document upon plaintiff by first class mail, postage prepaid, addressed as follows:

Alireza Bakhtiari
775 Seven Hills Lane
Saint Charles, MO 63304

A copy of this document was also served on the U.S. Defendants' counsel via ECF.

                                                **NEWMAN | WILLIAMS**
                                                By: s/ Gerard J. Geiger, Esquire
                                                Attorney ID No. 44099

Date:  October 1, 2018