**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ALIREZA BAKHTIARI, | CIVIL ACTION NO. 3:18-CV-0038 |
| Plaintiff, | |
| v. | (JUDGE CAPUTO) |
| JASON MADRIGAL, ET AL., | |
| Defendants. | |

**ORDER**

I.  The above-captioned civil case has been placed on the **OCTOBER, 2019**, **Trial List in WILKES-BARRE, PENNSYLVANIA**.

II.  Jury selection will take place in Courtroom #3, MAX ROSENN UNITED STATES COURTHOUSE, 197 SOUTH MAIN STREET, **WILKES-BARRE**, PENNSYLVANIA beginning at **9:30 a.m., on MONDAY, OCTOBER 28, 2019.**   Pending criminal trials, if any, will be tried first.

III.  A pretrial conference will be held on **WEDNESDAY, OCTOBER 16, 2019** at **10:00 a.m.**, in chambers, Suite 235, Max Rosenn United States Courthouse, 197 South Main Street, Wilkes-Barre, Pennsylvania.

IV.   All motions *in limine,* together with supporting briefs, shall be filed by **OCTOBER 1, 2019.**

V.  In accordance with Local Rule 16.3(b), counsel who expect to try the case shall hold a conference prior to the deadline for filing pretrial memoranda required by Local Rule 16.6.  This conference shall be in person unless the Court, upon written request, approves

another arrangement.  At the conference, all exhibits that any party intends to introduce at trial (whether in the case in chief or in rebuttal) shall be identified, numbered, exchanged, and listed on the form available on the Court's website http://www.pamd.uscourts.gov or by contacting the Clerk's Office.  Any objections to a particular exhibit of an opposing party shall be noted.

VI.  Counsel should be familiar with the Court's Jury Evidence Recording System (JERS) and the requirements for submission of electronic evidence by accessing the Middle District's website at http://www.pamd.uscourts.gov/jers.

VII.  Counsel shall also exchange lists of potential witnesses with their addresses; attempt in good faith to agree on a comprehensive statement of all undisputed facts, which statement shall be included in plaintiff's pretrial memorandum; review all oral and videotape depositions to be used at trial for the purpose of preparing the certificate required by Local Rule 30.10; and, discuss settlement.

VIII.  In accordance with Local Rule 16.6, counsel for each party shall, at least five (5) days prior to the Pretrial Conference, file and serve on all other parties a Pretrial Memorandum containing the information requested in the form set forth in Appendix B to the Local Rules.

IX.  Counsel who will try the case shall attend the pretrial conference unless the Court, upon written request, approves the substitution of another attorney who is fully familiar with the case and has the authority required by Fed.R.Civ.P. 16(c) and Local Rule 16.2.  If an attorney for a party does not have complete settlement authority, the party or person with full settlement authority shall be available by telephone during the pretrial conference. Counsel must notify the person or committee with settlement authority of the requirements of Local Rule 16.2, as well as the date of the pretrial conference and the date of trial.

X.  If a trial brief is required, counsel shall provide it to the Court and serve copies on all opposing counsel, and it shall conform to Local Rule 39.7.

XI.  All proposed jury instructions shall be filed five (5) days prior to jury selection and shall otherwise comply with Local Rule 51.1.  Special verdict questions must also be filed five (5) days prior to the selection of the jury.  Proposed jury instructions and special verdict questions should also be submitted to Chambers via email (dawn_wychock@pamd.uscourts.gov) in  Word format.

XII.  Whenever any civil action scheduled for jury trial is settled or otherwise disposed of in advance of the actual trial, jurors' costs, including mileage and per diem, shall be assessed equally against the parties unless Chambers is notified of the settlement in sufficient time to permit the Clerk to advise the jurors that their attendance will not be necessary.  Notice before 2:00 p.m. on the last business day preceding the day on which the trial of the action is to start shall be adequate for this purpose.

XIII.  Failure to abide by this Order or Local Rules 16.2, 16.3 and 16.6, or the failure of any party or lawyer to exercise reasonable diligence to settle a case at the earliest practicable time may result in imposition of sanctions listed in Local Rule 83.3.

XIV.  In the event videos or depositions are to be used at trial, the parties should plan well organized and concise examinations of witnesses.  Ideally, a trial deposition should not exceed one hour or so.  The Court may disallow the presentation of evidence by this means where to do so is determined to be burdensome to the fact finder.  Objections to testimony that cannot be resolved by counsel shall be brought to the Court's attention at least two (2) days prior to trial.

XV. **Courtroom Technology**.  Counsel are directed to access the Court's website at http://www.pamd.uscourts.gov/courtroom-technology for information regarding technology available in the courtroom as well as any equipment testing.

XVI.  In the event of inclement weather, no earlier than 7:00 a.m. on the day of the proceeding, counsel are directed to call (570) 346-7277.  When the recorded greeting answers, dial zero and a Court Security Officer will advise as to whether the proceeding is canceled or delayed.

XVII.  The objective of this Order is to provide all parties with timely resolution of their claims and to facilitate as efficiently as possible an appropriate disposition of the issues at trial.  The cooperation of counsel is essential to this purpose.


Date: September 16, 2019             /s/ A. Richard Caputo
                                     A. RICHARD CAPUTO
                                     UNITED STATES DISTRICT JUDGE